**APPEAL NO. 25-14527**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**SHANNON OLSON**

*Plaintiff–Appellant,*

v.

**TAKEDA PHARMACEUTICALS AMERICA, INC.**

*Defendant–Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CIVIL ACTION FILE NO. 8:23-cv-00590-TPB-CPT

**DEFENDANT–APPELLEE'S MOTION FOR SANCTIONS**

Andrew M. McKinley
amckinley@seyfarth.com
Shannon R. Cherney
scherney@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant–Appellee*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, 26.1-3, and 26.1-4, counsel for Defendant–Appellee Takeda Pharmaceuticals America, Inc. hereby submits the following Certificate of Interested Persons:

1. Honorable Thomas P. Barber, District Judge for the U.S. District Court for the Middle District of Florida

2. Rachel L. Dreher, Former Counsel for Plaintiff–Appellant

3. Dreher Law Group, Former Counsel for Plaintiff–Appellant

4. Law Offices of Jared M. Wichnovitz, P.C., Counsel for Plaintiff–Appellant

5. Jared M. Wichnovitz, Counsel for Plaintiff–Appellant

6. Law Office of Michael A. Yoder, PLLC, Former Counsel for Plaintiff–Appellant

7. Yoder LaVeglia LLP, Former Counsel for Plaintiff–Appellant

8. Michael A. Yoder, Former Counsel for Plaintiff–Appellant

9. Andrew M. McKinley, Counsel for Defendant–Appellee

10. Shannon R. Cherney, Counsel for Defendant–Appellee

11. Michael A. Mendoza, Former Counsel for Plaintiff–Appellant

12. Mendoza Family Law, Former Counsel for Plaintiff–Appellant

13. Mendoza Law, P.A., Former Counsel for Plaintiff–Appellant

14. Shannon Olson, Plaintiff–Appellant

i

15.  Seyfarth Shaw LLP, Counsel for Defendant–Appellee

16.  Takeda Pharmaceuticals America, Inc. (TAK), Defendant–Appellee

17.  Honorable Christopher P. Tuite, Magistrate Judge for the U.S. District Court for the Middle District of Florida

## CORPORATE DISCLOSURE STATEMENT

Defendant–Appellee Takeda Pharmaceuticals America, Inc. is a wholly owned subsidiary of Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals International AG. Takeda Pharmaceuticals International AG is a directly held wholly owned subsidiary of Takeda Pharmaceutical Company Limited. Takeda Pharmaceutical Company Limited has no parent company and no publicly held corporation owns 10% or more of its stock.

Defendant–Appellee further certifies that it is not aware of any other identifiable legal entities related to a party that have an interest in the outcome of this particular case or appeal.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ...................................................... i

CORPORATE DISCLOSURE STATEMENT ...................................................... iii

TABLE OF CONTENTS ..................................................................... iv

TABLE OF CITATIONS ..................................................................... v

I.    RELEVANT FACTUAL BACKGROUND AND PROCEDURAL

      HISTORY ............................................................................ 1

II.    ARGUMENT ......................................................................... 6

CONCLUSION .............................................................................. 11

CERTIFICATE OF COMPLIANCE ........................................................... 13

CERTIFICATE OF SERVICE ............................................................... 14

# TABLE OF CITATIONS

**Cases**                                                                **Page(s)**

*Biermann v. Comm'r of Internal Rev.,*

    769 F.2d 707 (11th Cir. 1985)....................................................................7, 9

*Bonfiglio v. Nugent,*

    986 F.2d 1391 (11th Cir. 1993).....................................................................7

*Cano v. Baker,*

    435 F.3d 1337 (11th Cir. 2006)...................................................................10

*Jenkins v. Anton,*

    922 F.3d 1257 (11th Cir. 2019)...................................................................10

*Lapinski v. St. Croix Condo. Ass'n, Inc.,*

    739 F. App'x 519 (11th Cir. 2018) ...............................................................7

*Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.,*

    803 F.2d 1130 (11th Cir. 1986).....................................................................8

*Stubbs v. Comm'r of IRS,*

    797 F.2d 936 (11th Cir. 1986).......................................................................7

*Vasconcelo v. Miami Auto Max, Inc.,*

    851 F. App'x 979 (11th Cir. 2021) ..............................................................11

v

**Other Authorities**

11th Cir. R. 39-2(a) ................................................................................1

Federal Rule of Appellate Procedure 38 .....................................................1, 6, 7

Pursuant to Federal Rule of Appellate Procedure 38 and this Court's inherent authority, Defendant–Appellee Takeda Pharmaceuticals America, Inc. files this Motion for Sanctions against Plaintiff–Appellant Shannon Olson in pursuit of its reasonable attorney's fees and double costs.[1] In support of this Motion, Takeda states as follows:

## I.    RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Olson first brought this action on March 15, 2023, in the U.S. District Court for the Middle District of Florida against Takeda and eight other defendants. (R. 1.) After Takeda and the other defendants filed a series of motions to dismiss (R. 17; R. 20; R. 22; R. 24), Olson filed an amended complaint, dropping three defendants (R. 33). Takeda and the remaining individual defendants again filed motions to dismiss (R. 36–37), which Olson opposed (R. 43). On November 29, 2023, the district court entered an order (1) dismissing the claims against the individual defendants in full; (2) dismissing the amended complaint as a shotgun pleading; and (3) denying Takeda's motion to dismiss as moot. (R. 54.) In its order, the

---

[1] Pursuant to 11th Cir. R. 39-2(a), Takeda is not yet moving for attorney's fees and expenses under Title VII, the ADA, and FCRA, but reserves its right to do so at the appropriate time.

district court observed its doubt as to the legal viability as to a number of issues upon which Olson had based her claims:

> [M]any of Plaintiff's grievances do not constitute adverse employment actions that can be addressed in a court of law. Things such as "conditioning Plaintiff's retention and continued employment on her performance" and "refusing to commend Plaintiff for performing exceptionally well and significantly better than [her co-worker]" surely cannot constitute adverse actions for which a legal remedy exists. And though it may certainly be insensitive to request that Plaintiff inquire about a co-worker's emotional well-being during a national protest movement while failing to acknowledge Plaintiff's emotional state in 2005 or 2009 after the unfortunate deaths of Plaintiff's siblings, such conduct is not actionable.

(*Id.* at 7.) The district court also noted that many of Takeda's arguments in the motion to dismiss "appear to be well-taken," including whether the only purported comparator identified by Olson, Jordan Davis, was a viable comparator under relevant legal principles; whether Olson had sufficiently alleged a failure-to-accommodate claim; and whether Olson sufficiently alleged retaliation or hostile work environment claims. (*Id.* at 8.)

Despite the district court's stated concerns, Olson filed a second amended complaint on December 14, 2023, before filing a 196-paragraph, five-count third amended complaint against Takeda the next day. (R. 56.) Olson again asserted claims for (1) race-based disparate treatment under

Title VII (Count I); (2) religious discrimination, consisting of disparate treatment and a purported failure to accommodate, under Title VII and the Florida Civil Rights Act ("FCRA") (Counts II and III); and (3) disability discrimination, consisting of disparate treatment, a purported failure to accommodate, failure to promote, retaliation, and hostile work environment, under the ADA and FCRA (Counts IV and V). (*Id.*)

Takeda moved to dismiss the third amended complaint. (R. 57.) In resolving that motion, the district court dismissed Olson's religious claims, in full, with prejudice. (R. 62.) Although it denied Takeda's request to dismiss the remaining claims, the court again noted that "it appears that many of [Plaintiff's] allegations ultimately may not survive the threshold for adverse employment actions," including her claim that she should have been told to be present on a conference call, her claim regarding her supervisor's suggestion that she inquire about Davis's mental state after the death of George Floyd, and her claim that she received constructive feedback in tandem with Davis. (*Id.* at 5 & n.2.) Additionally, the district court observed: "To be direct, it does not appear that Davis is a viable comparator due to his and Plaintiff's wildly different employment histories—Plaintiff worked as a Field Senior Sales Representative and was

employed by Takeda for twenty-three years, while Davis was a Sales Representative and new hire." (*Id.* at 7.) Nevertheless, the district court determined that it would permit Olson to engage in discovery. (*Id.* at 6–8.)

On September 27, 2024, Takeda filed a motion for summary judgment, relying heavily on Olson's admissions when deposed. (R. 77.) As discussed more fully in Takeda's concurrently-filed response brief, Olson's then-counsel Rachel Dreher, following discussions with Olson concerning the lack of merit in her claims, made the strategic decision that an opposition to summary judgment could not be filed that would comply with Federal Rule of Civil Procedure 11. (R. 127-1, at 3–4 ¶ 4.) Olson was aware prior to the deadline passing that a response would not be filed, and she was aware for the nearly three months that Takeda's summary judgment motion was pending that no response had been filed. (R. 127-2, at 13–14, 17; R. 84-1, at 2.) On November 19, 2024, Dreher then sent the following email to Takeda's counsel:

> I am reaching out because as you can see we did not oppose your motion for summary judgment. There was a lot of information that came out during discovery that we were unaware of and so we wanted to see if you would be willing to stipulate to a discontinuance of the matter?

(R. 84-1, at 2.) Takeda declined to accept the invitation to abandon its right to collect attorneys' fees, costs, and expenses that resulted from Olson's frivolous claims. (R. 98, at 4.)

Olson elected to do nothing prior to the district court entering an order granting Takeda's motion for summary judgment on January 29, 2025. (R. 81.) That order—as Takeda's motion had—relied overwhelmingly on Olson's own deposition admissions in ruling that her claims could not survive summary judgment. (*Id.*) Although Takeda's motion was unopposed by Olson, the district court issued a seventeen-page opinion analyzing each of Olson's claims and the deficiencies in them, pointing primarily to Olson's own admissions. (*Id.*) The entry of judgment immediately followed. (R. 82.)

On February 13, 2025, Takeda filed a motion for the district court to determine whether it was entitled to an award of attorney's fees and expenses in light of Olson's frivolous claims, as well as a proposed bill of costs. (R. 84–85.) Dreher discussed the same with Olson (R. 127-1 ¶ 5, at 4), including by informing Olson that she "believe[d] the Court [wa]s going to find in [Takeda's] favor" (R. 128-1, at 8). On July 1, 2025, the magistrate judge issued a report and recommendation, recommending that Takeda's

5 of 14

fee-entitlement motion be granted. (R. 107.) Olson did not file objections to the report and recommendation. Thus, on July 18, 2025, the district court adopted the recommendation. (R. 108.)

Pursuant to the district court's local procedure bifurcating the determination of entitlement to and amount of fees, on September 30, 2025, Takeda filed a supplemental motion requesting that the fee and expense amount be set at over $349,000.00. (R. 113.) On October 14, 2025—roughly eight-and-a-half months after the district court had entered its final judgment—Olson, faced with the prospect of a significant fee award, filed a motion for relief from the court's judgment under Rule 60(b)(6). (R. 114.) The district court denied Olson's Rule 60(b)(6) motion, holding that Olson had not cited extraordinary circumstances and that, among other things, several of the factual assertions made in Olson's related filings were "at best, inaccurate." (R. 129.) Olson then filed a notice of appeal. (R. 130.)

## II.    ARGUMENT

Federal Rule of Appellate Procedure 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

*Lapinski v. St. Croix Condo. Ass'n, Inc.*, 739 F. App'x 519, 524 (11th Cir. 2018). An appeal is frivolous for the purposes of Rule 38 if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993). This Circuit has awarded attorney's fees, in addition to costs, in circumstances where the appellant had been warned, including by the trial court, that her position was frivolous. *See Biermann v. Comm'r of Internal Rev.*, 769 F.2d 707, 708 n.1 (11th Cir. 1985) (awarding appellee double costs and reasonable attorney's fees incurred for cost of defending appeal by appellant who was "well warned" by lower court that his positions were frivolous); *Stubbs v. Comm'r of IRS*, 797 F.2d 936, 939 (11th Cir. 1986) ("The consistent rejection by courts at all levels of the arguments presented by [appellant] below and the sanctions imposed upon him by the . . . court indicate that [appellant] was duly warned that his position was frivolous."); *Lapinski*, 739 F. App'x at 524 (awarding double costs and reasonable attorney's fees where appeal was "utterly devoid of merit," and appellant previously was declared a "vexatious litigant" by lower court). Consistent with the foregoing, Olson's appeal is frivolous on several independent grounds.

*First*, Olson had been warned *repeatedly* in the trial court that her claims were frivolous. She was warned in two orders on motions to dismiss

that her claims were likely legally baseless. (R. 54, at 7–8; R. 62, at 5–7.) The district court granted summary judgment based on many of those same deficiencies, citing heavily to Olson's own self-defeating admissions from her deposition. (R. 81.) The magistrate judge that the district court entered a report and recommendation from, found, among other things, that Takeda was entitled to its attorneys' fees under Title VII, the ADA, and the FCRA, and that there was import to "the fact that the Court grounded its summary judgment decision, in part, on admissions Olson made during her deposition which severely undercut several of her claims." (R. 107, at 9.) Olson did not even object to that recommendation (because she had no basis to do so), and the district court then adopted that recommendation. (R. 108.)

Olson not only ignored those warnings each time they occurred, but ignored them when filing her Rule 60(b)(6) motion, which would have required her to establish a claim that "probably would have been successful."[2] *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d

---

[2] Olson suggests, without citation to authority, that she need only establish the existence of a "potentially" meritorious claim. (Appellant's Br. at 43.) That is wrong. She must show that the claim "probably would have been successful." *Solaroll Shade*, 803 F.2d at 1133.

1130, 1133 (11th Cir. 1986). Yet she never made any serious effort to engage the findings of the district court either in her original motion or on appeal. And her arguments on appeal continue to ignore that the most crucial evidence on which the district court relied at the summary judgment stage were her own deposition admissions. (R. 81.) Indeed, nowhere is the lack of merit in Olson's claims clearer than in the perfunctory nature of her merits argument in her appellate brief (Appellant's Br. at 43–47), where she fails to point to any specific facts creating any viable claim under governing law—particularly ones that are not already precluded by her deposition testimony.

Thus, given the history relevant to her subsequent claims, inclusive of her own admissions, Olson was well aware that her substantive claims were frivolous and why they were so. She nevertheless persisted in an appeal as a last-ditch effort to thwart the district court's imposition of fees and expenses against her for her frivolous filings. That itself makes her appeal frivolous and requires the imposition of fees and costs related to this appeal. *Biermann*, 769 F.2d at 708 n.1.

*Second*, and relatedly, after reviewing Olson's communications with her counsel, Dreher, the district court observed that the "claims that her

prior counsel 'abandoned' her and that she did not know about the strategic decision to not respond to the summary judgment motion . . . [were], at best, inaccurate." (R. 129.) Yet on appeal Olson continued to baselessly claim abandonment and a lack of knowledge. Given the history of communications in the lead up to and after the summary judgment deadline, which are detailed at length in Takeda's response brief, Olson's continuation of this argument is not only frivolous, it is wholly indefensible.

*Third*, Olson's appeal is predicated on a contention that the district court erred by not holding an evidentiary hearing on her Rule 60(b)(6) motion, and thus that the Eleventh Circuit must "remand this matter with instructions to conduct an evidentiary hearing." (Appellant's Br. at 48.) That argument, too, is frivolous and is in direct contradiction with Eleventh Circuit caselaw. *See*, *e.g.*, *Jenkins v. Anton*, 922 F.3d 1257, 1270–71 (11th Cir. 2019) (holding that a district court's "finding of fact is not clearly erroneous simply because it did not hold an evidentiary hearing"); *Cano v. Baker*, 435 F.3d 1337, 1342–43 (11th Cir. 2006) ("The district court did not abuse its discretion by denying Cano's request for an evidentiary hearing and to make specific findings of fact on the evidence she had submitted in support

of her Rule 60(b) motion."). Instead, even when "the resolution of [a party's] rule 60(b) claims require[s] fact finding, nothing in rule 60(b) or [Eleventh Circuit] case law interpreting it compel[s] the district court to hold an evidentiary hearing before making its findings." *Vasconcelo v. Miami Auto Max, Inc.*, 851 F. App'x 979, 985 (11th Cir. 2021). Thus, Olson's appeal designed to require that the district court resolve the underlying Rule 60(b) motion through an evidentiary hearing is predicated on an erroneous legal principle.

*Finally*, even if Olson could somehow overcome each of the foregoing issues, her appeal simply fails to raise any extraordinary circumstances that would justify relief under Rule 60(b)(6). In fact, as outlined in Takeda's response brief, her arguments are irreconcilable with Eleventh Circuit authority. Thus, her appeal is also frivolous on this ground.

## CONCLUSION

Because her appeal is utterly devoid of merit, Takeda respectfully requests that this Court sanction Olson for filing a frivolous appeal and award Takeda its attorney's fees and double costs.

Respectfully submitted this 10th day of June 2026.

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
amckinley@seyfarth.com
Shannon R. Cherney
scherney@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant–Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with Fed. R. App. P. 27(d)(2) because the word count of relevant sections, based on Microsoft Word's word-counting function, totals 2,343 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Book Antiqua 14.

*/s/ Andrew M. McKinley*
Andrew M. McKinley
*Counsel for Defendant–Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, a copy of the foregoing document was electronically filed with this Court via the electronic filing website which will electronically notify all counsel of record.

/s/ Andrew M. McKinley
Andrew M. McKinley
*Counsel for Defendant–Appellee*

14 of 14