**APPEAL NO.: 25-14527-AA**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**SHANNON OLSON**

*Plaintiff-Appellant,*

**v.**

**TAKEDA PHARMACEUTICALS, AMERICA, INC.**

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA (TAMPA DIVISION)

CIVIL ACTION FILE NO. 8:23-cv-00590-TPB-CPT

---

**SUPPLEMENTAL APPENDIX APPELLANT SHANNON OLSON
VOLUME 1 OF 1 PAGES B001-B025**

---

**LAW OFFICES OF JARED M. WICHNOVITZ, P.C.**

Jared M. Wichnovitz, Esq.
EDF# 334082767
50 Harrison Street, Suite 206, P.O. Box 631
Hoboken, New Jersey 07030
Phone: (732) 765-2157
Fax: (732) 358-0178
Email: Jared@WichnovitzLaw.com
*Attorneys for Plaintiff-Appellant, Shannon Olson*

## SUPPLEMENTAL TABLE OF CONTENTS

## VOLUME 1

| DOCUMENT | TAB | PAGE |
|---|---|---|
| Case Management Conference dated September 27, 2023 | B | B001 |
| Case Management Conference dated January 17, 2024 | 16 | B013 |
| Case Management Conference dated August 28, 2024 | 23 | B020 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of July 2026, pursuant to the Federal Rule of Appellate Procedure 25 and Circuit Rule 25-3(f), I electronically filed Appellant's Supplemental Appendix with the Clerk of Court of the U.S. Court of Appeals for the Eleventh Circuit via the CM/ECF system and service was accomplished on counsel of record by that means.

**LAW OFFICES OF JARED M. WICHNOVITZ, P.C.**

By: /s/ *Jared M. Wichnovitz*
Jared M. Wichnovitz, Esq.
EDF# 334082767
50 Harrison Street, Suite 206, P.O. Box 631
Hoboken, New Jersey 07030
Phone: (732) 765-2157
Fax: (732) 358-0178
Email: Jared@WichnovitzLaw.com
*Attorneys for Plaintiff-Appellant, Shannon Olson*

ii

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____
                               )
SHANNON OLSON,                 )
                               )
          Plaintiff,           )
                               )
v.                             )   Case No.:  8:23-CV-590
                               )
TAKEDA PHARMACEUTICALS         )
USA, INC., et al.,             )
                               )
          Defendants.          )
_____)


**CASE MANAGEMENT CONFERENCE PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS P. BARBER**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2023**
**1:59 p.m. to 2:11 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**          MICHAEL A. MENDOZA, ESQUIRE
                                Mendoza Family Law
                                200 East Robinson Street
                                Suite 1270
                                Orlando, Florida 32801

**FOR THE DEFENDANTS:**         ALEXANDER C. MEIER, ESQUIRE
                                Lee Meier
                                695 Pylant Street NE
                                Suite 105
                                Atlanta, Georgia 30306

**ALSO PRESENT:**               SHANNON OLSON, PLAINTIFF


(Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813) 301-5380 | r.lockwooduscr@gmail.com
801 North Florida Avenue, Tampa, Florida 33602

(Call to Order of the Court at 1:59 p.m.)

**THE COURT:** Next case is Olson versus Takeda.

Go ahead and introduce yourselves, starting when you get to the podium, please.

The plaintiff, go ahead.

**MR. MENDOZA:** Good afternoon, Your Honor. Michael Mendoza appearing here today on behalf of the plaintiff, Shannon Olson.

**MR. MEIER:** Good afternoon, Your Honor. Alex Meier on behalf of all the defendants who have been served, which would be Takeda, Jodi Gayle-Garcia, Matthew Hand, and --

**THE COURT:** The individuals.

**MR. MEIER:** Well, the individuals who have been served.

**THE COURT:** Right.

**MR. MEIER:** Because Ms. Miller, Heidi Miller, and Gregory Crouch have not been served.

**THE COURT:** Maybe they won't be, because are you guys agreeing to sue the corporate entity and not the individuals, and we can clean it up that way?

**MR. MENDOZA:** So just as a preliminary statement -- I'm local counsel here. Mr. Yoder is, I think, lead counsel for the plaintiff in this case. Just wanted to make the Court aware, it's my understanding that there is another local counsel who's filed a notice of appearance on this case.

THE COURT:  There is?

MR. MENDOZA:  I'm sorry?

THE COURT:  I didn't know that, but --

MR. MENDOZA:  I received a copy of it this morning. I can provide her name.  The plaintiff, just so the Court is aware -- I recognize this a little unusual, but she has elected to be present and is here in the gallery today.

THE COURT:  That's okay.

MR. MENDOZA:  So notwithstanding, I don't know -- I do know that the defendants have filed a motion to dismiss, that that is pending.  Today is the deadline to file a response in opposition and a brief in opposition to that motion to dismiss.  It's my understanding that that is forthcoming. Mr. Yoder will be filing that.  Unfortunately, he couldn't be present today.

THE COURT:  Well, yeah.  I don't know what's going on.  I have in my notes, parties, you know, called, don't want to come to court.  My cases are held in the United States District Court in Tampa, Florida, not by Zoom, not by phone call.  So if you want to have a case in this court, you've got to come to court.  Now, I don't have a problem if people cover it.  That's fine.  Whoever the lawyers are can cover it.  But I also do things in court, too.

And I'll just tell you right now, my reading of this case -- I haven't seen his response yet.  I'll take a look at

it.  But my reading of the -- I mean, and I know that the plaintiff, Ms. Olson, might want to sue these people individually.  She might like to do that.  She might wish she could do that, but that doesn't mean the law lets her do it.

My reading of the case is, that it's not going to -- it's going to be almost impossible to sue the individuals, and there's a claim for intentional infliction of emotional distress.  This is an employment case.  That's probably not going to make it either.  And he's probably going to have to replead.  So I'll take a look at it.

By the way, since Ms. Olson is here, if the case is dismissed -- I had clients that got all upset when their case -- they said, why did my case get dismissed?  That sounds terrible.  It doesn't mean anything.  In the system, when the cases are dismissed, they're almost always dismissed with what's called leave to amend, which means you reword your complaint, and you change some things around, and then you're good to go in court.

So if I end up dismissing this, I'm not really dismissing it forever.  I'm just saying replead, take out the individuals, take out the intentional infliction of emotional distress, and then we'll see where we are.  Probably a good case at that point.  Probably not going to get dismissed with prejudice.  It's probably going to have to be litigated a little bit and see where we are.

UNITED STATES DISTRICT COURT

So that's where I am on this.  But I still don't have a case management report.  You should be able to respond to that.  What's the deal on that?

**MR. MEIER:**  Your Honor, I just received a draft JCMO this morning.  I provided my edits to the joint case management order, and we'll get one filed, hopefully today, now that I've had one.

**MR. MENDOZA:**  If I may add to that, Your Honor.  I do have a little knowledge of that.  This morning, Mr. Yoder filed a Rule 6 motion for leave to file, based on the passage of the deadline.  I believe it was August 31st.  He briefed that.  It included a proposed case management report as an exhibit to that.  So that is before the Court.  However, that draft, just as Mr. Meier mentioned, did not include the benefit of his red-line edits to those.  So he has provided those.  I expect that Mr. Yoder will provide those.

**THE COURT:**  Can we just do it right now?  Is anything controversial?  I mean, what is it?  Can we just talk about it and get it done and say it's done?

**MR. MEIER:**  Sure.  I'm happy to do that.

**THE COURT:**  Yeah.

**MR. MEIER:**  So the only -- there are kind of three, I guess, main issues that we had with the draft report.  The first is consent-to-magistrate jurisdiction.  We do not consent to that.  The box was checked that there was consent.

**THE COURT:** That's not debatable unless both sides agree. Now, I'll tell you this much. My system of coming to court in Tampa, Florida is totally optional. It's totally optional. If you agree to the magistrate, you can do it -- they don't make you come to court. So if anyone has an issue coming to court, just consent to the magistrate. They're very experienced people.

Who's the magistrate on this thing? Judge Tuite. Very experienced guy. He'll do it the usual federal court way, where you can do everything by paper and that sort of thing.

**MR. MEIER:** I like Tampa. Nothing wrong with visiting.

**THE COURT:** All right. Well, then, don't call and say you don't want to come, because I'm going to say you should have agreed to the magistrate.

**MR. MEIER:** Understood, Your Honor. I did not --

**THE COURT:** All right. So that's nonnegotiable.

What else?

**MR. MEIER:** I think the deadlines for discovery are a little far out in the draft that I received. It was July 26th. I think we pushed that up to April 26th of 2024. The dispositive motion deadline was September 13th, '24. I think that can be pushed up, again, to May 17th. The deadline for participating in mediation, I think, is far too far out. It's my opinion that this is a case that would benefit from an early

mediation rather than one, say, at the close of discovery.

Ms. Olson is still employed by Takeda. She's been there for 20-plus years. So this isn't the case where the adverse employment action is a termination of employment. And so I'd like to get a demand so that we could have a conversation about that. I haven't gotten one yet. And I think we would benefit from getting a decision on the motion to dismiss and then potentially trying to schedule a mediation soon after that.

So my proposal was to put the mediation deadline as December 22nd, '24 rather than -- or excuse me -- yeah, December 22nd of '23, not October 25th of '24.

**THE COURT:** There's nobody that says you can only -- you know, you can mediate once a month until the end of the case. I mean, it's not a one-time-only thing.

Okay. Here's what we're going to do on that. Everything you just said is overruled. We're going with what the plaintiff wants, except that mediation. I agree with you on that. The reason I'm letting this case go a little longer and not tightening it up, like you're suggesting, is we're going have to go back and forth a little on an amended complaint and stuff like that. That's going to burn some time.

So -- but I agree with you. Do the mediation by December of whatever date you said, and we'll go with that.

Sonya, you don't have anything from them, or do you

have what you need?

**THE COURTROOM DEPUTY:**  Yes, sir.

**THE COURT:**  Okay.  All right.  Is that clear?  Good?  So we're doing it the plaintiff's way on those last objections, except the one about the mediation.

Who are you going to use for a mediator in this case?  Any ideas?

**MR. MEIER:**  The mediator that I proposed was Marlene Quintana at GrayRobinson.

**THE COURT:**  Okay.  This is a different case, when you got somebody who's been working there 24 years and is still working there.  I mean, they need to figure it out.  Is there a way to do it sooner rather than later, I think, is what you're trying to accomplish.  And I agree with that.  Because she still wants to work there.  Right?  She hasn't quit.  Right?

**MR. MENDOZA:**  She has not quit.

**THE COURT:**  You still want to work there?  All right.  So let's sit down, talk turkey, and not spend a bunch of money on attorneys going back and forth over unnecessary stuff, if we can get this worked out.

What do you do there?

**MS. OLSON:**  I'm in sales.

**THE COURT:**  Sales, like pharmaceutical sales?  Like you go around to doctors and stuff?  Huh.  Okay.

What is your particular drug that you represent?

UNITED STATES DISTRICT COURT

**MS. OLSON:** So it's -- I have something for depression.

**THE COURT:** Depression. Probably get a lot of business with that. Right.

**MS. OLSON:** Number one cause of disability in the US.

**THE COURT:** And you probably make a lot of money doing that, too. So it's a win-win for everybody. No? The reason I say that is because it's kind of a little bit of a thing that lawyers throw around and say, oh, I should have been a pharmaceutical rep, because we think that you guys make all this money. That's all. Maybe not.

**MR. MEIER:** Lawyers support a lot of pharmaceutical reps.

**THE COURT:** What?

**MR. MENDOZA:** Lawyers support a lot of pharmaceutical reps.

**THE COURT:** Yeah. Yeah. What's another thing?

(Discussion off the record.)

**THE COURT:** All right. I think we've cleaned this thing up a lot. I'll take a look at whatever Mr. Yoder is going to file on this. I'll do a quick written order. If there's an amended complaint, do the amended complaint. And I think we're in business.

What else can I do on this to try to get these parties working together?

UNITED STATES DISTRICT COURT

**MR. MEIER:** Your Honor, I'd like to have the two unserved defendants dismissed.

**THE COURT:** Okay. We'll see what he says on that. You've already heard kind of where I'm leaning on that.

What else?

**MR. MENDOZA:** Your Honor, just a question in terms of procedure. I know that the Court has probably not yet received the notice of appearance from new local counsel.

**THE COURT:** Right.

**MR. MENDOZA:** Okay. I recognize the local rule requires a motion to withdraw. I've had a conversation with Mr. Meier. Of course, the defendants don't oppose that.

What's the best way forward to handle that in light of the notice of appearance not hitting the file?

**THE COURT:** I don't care.

Sonya, do you care? What do you want him to do?

Are you making an oral motion to withdraw because somebody else has filed a notice of appearance?

**MR. MENDOZA:** Yes. That's correct.

**THE COURT:** Granted.

**MR. MENDOZA:** Thank you, Your Honor.

**THE COURT:** All right. Done. That's it.

Future court date -- what's our January date, Sonya?

**THE COURTROOM DEPUTY:** January 17th.

**THE COURT:** See me on January 17th. I'm going to

want to know how that December mediation went.  I'm going to want to hope that everyone has a merry Christmas and they get this thing worked out.  All right.

MR. MENDOZA:  Thank you, Your Honor.

MR. MEIER:  Thank you.

THE COURT:  See you next time.  Not you.  We'll see you next time.

MR. MEIER:  One minor point of clarification.  Is that for 1:30 set, as well, or is that in the morning?

THE COURT:  1:30.

MR. MEIER:  Thank you, Your Honor.

THE COURT:  You'll get a case management order from me probably today or tomorrow that has all the dates in it that we just went over.  Take that, calendar those dates, and you're in business.

MR. MEIER:  Thank you, Your Honor.

MR. MENDOZA:  Thank you, Your Honor.

THE COURT:  Thank you.

(Proceedings adjourned at 2:11 p.m.)

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, Rebekah M. Lockwood, RDR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand at Tampa, Hillsborough County, Florida, this 17th day of April 2026.

REBEKAH M. LOCKWOOD, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____
                                )
SHANNON OLSON,                  )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No.:  8:23-CV-590
                                )
TAKEDA PHARMACEUTICALS          )
AMERICA, INC.,                  )
                                )
            Defendant.          )
_____)


**CASE MANAGEMENT CONFERENCE PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS P. BARBER**
**UNITED STATES DISTRICT JUDGE**

**January 17, 2024**
**1:18 p.m. to 1:23 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**        RACHEL LEE DREHER, ESQUIRE
                              Dreher Law Group
                              631 Lucerne Avenue
                              Suite 53
                              Lake Worth Beach, Florida 33460

**FOR THE DEFENDANT:**        ALEXANDER C. MEIER, ESQUIRE
                              Lee Meier
                              695 Pylant Street NE
                              Suite 105
                              Atlanta, Georgia 30306


(Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813) 301-5380 | r.lockwooduscr@gmail.com
801 North Florida Avenue, Tampa, Florida 33602

(Call to Order of the Court at 1:18 p.m.)

**MR. MEIER:** Good afternoon, Your Honor. Olson v. Takeda.

**THE COURT:** Where is the other side of this thing?

**MS. DREHER:** Right here.

**THE COURT:** Come on down.

Might take me a while to find it in my stack. I don't have them organized that way.

All right. This is Case Number 23-CV-590.

Please introduce yourselves, starting with the plaintiff, for the court reporter.

**MS. DREHER:** Good afternoon. Rachel Dreher on behalf of the plaintiff, Shannon Olson.

**MR. MEIER:** Alex Meier on behalf of Defendant Takeda.

**THE COURT:** This is an employment case, a pharmaceutical rep. Am I remembering that right?

**MS. DREHER:** Correct.

**MR. MEIER:** Yes, Your Honor.

**THE COURT:** Yeah. Let's see. We talked about this case. Been around almost a year now. I dismissed it. I guess I dismissed it maybe twice now.

**MR. MEIER:** We're on motion to dismiss number three, Your Honor.

**THE COURT:** Yeah. Did you try to mediate this already?

**MR. MEIER:** We did. That was unsuccessful.

**THE COURT:** Did you get close? I mean, what's -- she wants a zillion dollars? Is she working someplace else?

**MS. DREHER:** She's still working there, actually.

**THE COURT:** Oh, okay. That should be easy to resolve. She's still working there.

**MS. DREHER:** I think part of the mediation was kind of going back and forth under two different scenarios, one if she stayed up as an employee, and one if they bought her out as -- and she left her position.

**THE COURT:** Employees always say they -- I really want to work there. They really don't, because it never works out. Right?

**MS. DREHER:** She's been there for 24 years.

**THE COURT:** So she might want to stay then.

**MS. DREHER:** Yes. Exactly. So that's -- that's, I think -- it's not like she's definitely looking to leave, but she would be willing to consider --

**THE COURT:** Maybe they want to pay to get her out of there.

**MS. DREHER:** Exactly. It was a long mediation. It was almost, I think, six hours.

**THE COURT:** Constructive? Did you get close, or, I mean, what's -- this is -- this is talking turkey here. It doesn't count against you.

UNITED STATES DISTRICT COURT

**MR. MEIER:** We gave a last, best, and final, and that was rejected. I'm not sure exactly where they were at. But I maxed out where I was.

**THE COURT:** I guess you're going to have to keep working on the case then.

**MR. MEIER:** I think part of the problem, Your Honor, is that we don't really think there is a case. I mean --

**THE COURT:** Well, you're wrong.

**MR. MEIER:** -- it used to be pretty substantial. Now it's winnowed down to, after the last motion to dismiss, just the race discrimination and disability.

**THE COURT:** She's going to stay in court. You're not going to be able to get rid of it altogether. I'm going to be granting the third motion, getting this stuff out that they've agreed to, basically. You can read it when it comes out. It's close to being ready.

**MR. MEIER:** Okay.

**THE COURT:** But she's going to stay in court. You're going to have to file an answer. So if that was a holdup that you thought you could knock the whole thing out, I don't think that's going to happen now. So she's going to be able to pursue this thing. That will be coming.

I'd say take a look at that and, you know, discuss it with your client. Maybe you can still work it out, once you, you know, percolated through this. If not, do the discovery,

and we've got a trial set.  Discovery ends this summer.  We'll do a trial, if we have to.

**MR. MEIER:**  May I ask whether both of the remaining theories stay in, race and disability, or is it down to just disability?  Or I can wait until it comes out.

**THE COURT:**  The ones they agreed to take out are out.  So I don't know.

**MS. DREHER:**  The religious disability was what we agreed to -- which I believe was removed to the third.

**THE COURT:**  Do you remember this one, Amanda, the ones that are staying?  That's out.

**MS. DREHER:**  That's out.  Yeah.  I think we agreed to that.  Yeah.

**THE COURT:**  Out.  The rest is in?  Yeah.  I haven't finished it exactly yet, but that's where it's heading.  All right.  So act accordingly.

What else do we need to do on this?

**MS. DREHER:**  I believe we sent the discovery responses last night, yesterday evening, so take it pretty much from there.

**THE COURT:**  Okay.  Discovery ends in July.  I'll give you an August court date to come back after that.  Let me know where you are.  If you need to come in for something, let me know.  We'll talk about it.

What's the August date, Sonya?  I didn't bring my

list.

August 28th at 1:30.

All right.  Good.  Thank you.

**MS. DREHER:**  Thank you very much.

**MR. MEIER:**  Thank you.

(Proceedings adjourned at 1:23 p.m.)

UNITED STATES DISTRICT COURT

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, Rebekah M. Lockwood, RDR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand at Tampa, Hillsborough County, Florida, this 17th day of April 2026.

_____
REBEKAH M. LOCKWOOD, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

)
SHANNON OLSON,                    )
                                  )
          Plaintiff,              )
                                  )
v.                                ) Case No.:  8:23-CV-590
                                  )
TAKEDA PHARMACEUTICALS            )
AMERICA, INC.,                    )
                                  )
          Defendant.              )
_____  )


**CASE MANAGEMENT CONFERENCE PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS P. BARBER**
**UNITED STATES DISTRICT JUDGE**

**August 28, 2024**
**2:19 p.m. to 2:24 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**        MICHAEL P. BELTRAN, ESQUIRE
                              Beltran Litigation
                              4920 West Cypress Street
                              Suite 104
                              Tampa, Florida 33607

**FOR THE DEFENDANT:**        ANDREW MCKINLEY, ESQUIRE
                              Seyfarth Shaw
                              1075 Peachtree Street, NE
                              Suite 2500
                              Atlanta, Georgia 30309


(Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813) 301-5380 | r.lockwooduscr@gmail.com
801 North Florida Avenue, Tampa, Florida 33602

(Call to Order of the Court at 2:19 p.m.)

**THE COURT:** Olson versus Takeda Pharmaceuticals.

Who's doing this one?

**MS. BELTRAN:** Good afternoon, Judge. Mike Beltran, standing in for Michael Yoder on behalf of the plaintiff.

**MR. MCKINLEY:** Andrew McKinley for Takeda.

**THE COURT:** I saw you in the back, Mr. Beltran. But I didn't see you on any of the cases, so I didn't know which one you were doing. I thought you might be on that Vampire case.

**MS. BELTRAN:** That one sounds more fun. This one seems kind of fun. But I'm just standing in, so --

**THE COURT:** All right. So this is an employment case. Plaintiff worked as a pharmaceutical rep for 20-something years, as I recall. Kind of a reverse-discrimination-type case here, I guess. Let me see what else we talked about here. I already gave you rulings on the motion to dismiss.

Did you do a mediation, and it impassed?

**MR. MCKINLEY:** Yes, Your Honor.

**THE COURT:** Okay. Let's see. Have you taken the plaintiff's deposition?

**MR. MCKINLEY:** Yes, Your Honor.

**THE COURT:** Did she have some specific examples to give you on things?

UNITED STATES DISTRICT COURT

**MR. MCKINLEY:**  Not in the slightest.  She admitted that she couldn't identify anybody who said or did anything differently to her on the basis of her race or disability.

**THE COURT:**  Okay.  What else needs to be done on this, as far as you can tell?

**MR. MCKINLEY:**  Sure.  So discovery closes on September 9th.  A 30(b)(6) is being taken by the plaintiff on September 5th.  They also served discovery that is due on the discovery deadline, so they'll get a response to that on the discovery deadline.  And then we're going to file a motion for summary judgment.

**THE COURT:**  Okay.  Let's see.  Do we know what the trial date is on this thing, Sonya?

March 2025.  Yeah.

So I'll have to take a look at that and see where we are.  It's really nothing else from your guy's standpoint.  I mean --

**MS. BELTRAN:**  Judge, I don't have a lot to add to that.  I obviously wasn't present for the depositions.  I wouldn't be able to characterize it.  I understand it went a little past record time.  That's what I'm informed by lead counsel.

**THE COURT:**  Yeah.  I mean, you can tell whoever you're covering this for, basically, the idea is that his client didn't have any examples of any discrimination that

she's suing for. And that's a very simplistic way. But he'll know what that is since he -- he was at the depo?

**MR. MCKINLEY:** He was. He appeared remotely.

**THE COURT:** Remotely.

**MR. MCKINLEY:** He appeared remotely.

**THE COURT:** All right. Okay. Is there anything -- did he communicate anything he wanted me to do on this or talk about?

**MR. BELTRAN:** What I understand is the deadlines are set, and the plaintiff is fine with those deadlines. And as Counsel said, there are some paper discovery that's returnable early next month, and also they're set for a 30(b)(6). And so everything is -- everything is pretty much in order from that perspective. And, obviously, I'll reserve comment and defer to Mr. Yoder on characterizing the depo.

**THE COURT:** That's why I set it for today. I was wanting to see what it would -- you know, what would the plaintiff's depo come up with. Maybe he's bloviating, and he's posturing, and it was a really great depo for the plaintiff. I don't know. I read people pretty well, as you do, Mr. Beltran. And, you know, I'm reading him, and he thinks he's got a good case here. So we'll see. We'll see.

I'll look for the motion when you file it. There will be a response. I'll give you a future court date of January 23rd, 2025 at 1:30. It probably won't happen, because

if I end up granting it, then the case is out of court.  If I deny it, I'll probably set a sooner date and bring you back in and say, okay, now you didn't win the case, now you've got to defend something, you really, seriously want to do this or not? So we'll have that conversation, depending on how we come out on the summary judgment thing.  Okay?

**MR. BELTRAN:**  Thank you, Judge.

**MR. MCKINLEY:**  Thank you, Your Honor.

**THE COURT:**  Take care.

(Proceedings adjourned at 2:24 p.m.)

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, Rebekah M. Lockwood, RDR, CRR, do hereby certify that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes to the best of my knowledge, skill, and ability.

I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand at Tampa, Hillsborough County, Florida, this 17th day of April 2026.

_____
REBEKAH M. LOCKWOOD, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida