**APPEAL NO. 25-14527**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**SHANNON OLSON**

*Plaintiff–Appellant,*

v.

**TAKEDA PHARMACEUTICALS AMERICA, INC.**

*Defendant–Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CIVIL ACTION FILE NO. 8:23-cv-00590-TPB-CPT

**DEFENDANT–APPELLEE'S REPLY IN SUPPORT OF
ITS MOTION FOR SANCTIONS**

Andrew M. McKinley
amckinley@seyfarth.com
Shannon R. Cherney
scherney@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant–Appellee*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, 26.1-3, and 26.1-4, counsel for Defendant–Appellee Takeda Pharmaceuticals America, Inc. hereby submits the following Certificate of Interested Persons:

1. Honorable Thomas P. Barber, District Judge for the U.S. District Court for the Middle District of Florida

2. Rachel L. Dreher, Former Counsel for Plaintiff–Appellant

3. Dreher Law Group, Former Counsel for Plaintiff–Appellant

4. Law Offices of Jared M. Wichnovitz, P.C., Counsel for Plaintiff–Appellant

5. Jared M. Wichnovitz, Counsel for Plaintiff–Appellant

6. Law Office of Michael A. Yoder, PLLC, Former Counsel for Plaintiff–Appellant

7. Yoder LaVeglia LLP, Former Counsel for Plaintiff–Appellant

8. Michael A. Yoder, Former Counsel for Plaintiff–Appellant

9. Andrew M. McKinley, Counsel for Defendant–Appellee

10. Shannon R. Cherney, Counsel for Defendant–Appellee

11. Michael A. Mendoza, Former Counsel for Plaintiff–Appellant

12. Mendoza Family Law, Former Counsel for Plaintiff–Appellant

13. Mendoza Law, P.A., Former Counsel for Plaintiff–Appellant

14. Shannon Olson, Plaintiff–Appellant

i

15.    Seyfarth Shaw LLP, Counsel for Defendant–Appellee

16.    Takeda Pharmaceuticals America, Inc. (TAK), Defendant–Appellee

17.    Honorable Christopher P. Tuite, Magistrate Judge for the U.S. District Court for the Middle District of Florida

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant–Appellee Takeda Pharmaceuticals America, Inc. is a wholly owned subsidiary of Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals International AG. Takeda Pharmaceuticals International AG is a directly held wholly owned subsidiary of Takeda Pharmaceutical Company Limited. Takeda Pharmaceutical Company Limited has no parent company and no publicly held corporation owns 10% or more of its stock.

Defendant–Appellee further certifies that it is not aware of any other identifiable legal entities related to a party that have an interest in the outcome of this particular case or appeal.

## TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ...........................................................i

CORPORATE DISCLOSURE STATEMENT ........................................................ iii

TABLE OF CONTENTS .................................................................................... iv

TABLE OF CITATIONS .................................................................................... iv

I.     INTRODUCTION ....................................................................................1

II.    ARGUMENT............................................................................................1

    A.    Olson's Response Avoids the Fact that the District Court Had the Discretion to Not Hold an Evidentiary Hearing...........................1

    B.    Olson Misrepresents Takeda's Arguments and Caselaw as to the Importance of Merits Issues to This Rule 60(b)(6) Appeal. ........5

    C.    Olson's Claim that the District Court Believed Her Claims Had Factual Merit Is Wholly Baseless...........................................................7

    D.    Olson's Discussion of the Fee Determination Below Is Inaccurate...........................................................................................10

    E.    Olson's Paper-Thin References to Authority in Her Merits Briefs Do Not Impact the Analysis. ....................................................11

    F.    Contrary to Olson's Apparent Suggestion, Rule 38 Applies to All Plaintiffs...............................................................................................12

CONCLUSION .................................................................................................13

CERTIFICATE OF COMPLIANCE .........................................................................14

CERTIFICATE OF SERVICE .................................................................................15

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Cano v. Baker*,
435 F.3d 1337 (11th Cir. 2006) ...................................................................... 2, 3, 4

*Clements v. Glass*,
No. 2:24-CV-197-JES-NPM, 2026 WL 1248355 (M.D. Fla. May
6, 2026) ....................................................................................................................... 6

*Jenkins v. Anton*,
922 F.3d 1257 (11th Cir. 2019) .............................................................................. 4

*Palmer v. Mandarin Holiday Marina & Fish Camp, Inc.*,
478 F. App'x 543 (11th Cir. 2012) ......................................................................... 4

*Salem Pointe Capital, LLC v. BEP Rarity Bay, LLC*,
854 F. App'x 688 (6th Cir. 2021) ........................................................................... 6

*SEC v. Simmons*,
241 F. App'x 660 (11th Cir. 2007) .......................................................................... 7

*Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*,
803 F.2d 1130 (11th Cir. 1986) ........................................................................... 6, 7

*Vasconcelo v. Mia. Auto Max, Inc.*,
851 F. App'x 979 (11th Cir. 2021) ..................................................................... 2, 3, 4

## Other Authorities

Rule 38 .................................................................................................................... 3, 12

Rule 60(b) ................................................................................................................. 1, 2

Rule 60(b)(1) ............................................................................................................. 6, 7

Rule 60(b)(6) ............................................................................................................. 6, 7

v

## I.    INTRODUCTION

Faced with the consequences of her conduct, Appellant Shannon Olson makes a series of arguments to avoid the imposition of fees and double costs that misrepresents Takeda's arguments, the factual record, and applicable caselaw. She continues to argue that she should have received an evidentiary hearing, while ignoring Eleventh Circuit caselaw holding that no such hearing was required. She argues that the merits of her claims should not be critically analyzed, despite that establishing the likely success of her claim is a prerequisite to relief under Rule 60(b) under this Court's decisions. And her appeal entirely ignores her inability to establish any clear error in the district court's factual findings in denying Rule 60(b)(6) relief.

Ultimately, Olson's response is little more than a continuation of her frivolous litigation activity, and this Court should put an end to the same by granting Takeda's motion.

## II.    ARGUMENT

### A.    Olson's Response Avoids the Fact that the District Court Had the Discretion to Not Hold an Evidentiary Hearing.

As Takeda outlined in its motion, Olson's appeal is predicated on a contention that the district court's supposed error was in not holding an

evidentiary hearing before resolving her Rule 60(b) motion. (Appellee's Mtn., Dkt. 19, at 17–18.) But as Takeda also explained, there simply is *no requirement* that the district court hold such a hearing. (*Id.*) Instead, "nothing in rule 60(b) or [Eleventh Circuit] case law interpreting it compel[s] the district court to hold an evidentiary hearing before making its findings." *Vasconcelo v. Mia. Auto Max, Inc.*, 851 F. App'x 979, 985 (11th Cir. 2021). That, alone, makes Olson's appeal utterly devoid of merit.

Olson's response to the instant motion almost entirely avoids addressing that reality and does not engage the explicit Eleventh Circuit authority foreclosing her argument. She first argues that "Takeda's own authorities prove the question is contested rather than settled." (Appellant's Resp., Dkt. 29, at 11.) Not so. Olson argues that she "relies on" *Cano v. Baker*, 435 F.3d 1337 (11th Cir. 2006), "for the governing standard of when a hearing is required and when the denial of one is an abuse of discretion." (Appellant's Resp., Dkt. 29, at 11.) She did not cite that case in her initial brief, and in her reply, she cited *Cano* only for the proposition that the denial of an evidentiary hearing is subject to an abuse-of-discretion standard. (Appellant's Reply, Dkt. 24, at 6.)

To the extent Olson attempts to claim that *Cano* somehow implicates a "competing application[] of fact" by virtue of its invocation of the abuse-of-discretion standard (Appellant's Resp., Dkt. 29, at 11),[1] she simply fails to appreciate the import of the abuse-of-discretion standard in these circumstances. That is, there was simply no abuse of discretion in the district court's decision to resolve factual issues without an evidentiary hearing, particularly where caselaw expressly permitted the issues to be resolved without a hearing. *See Vasconcelo*, 851 F. App'x at 985. Similarly, Olson's argument that the abuse-of-discretion standard asks whether the district court "exceeded its 'range of choice'" (Appellant's Resp., Dkt. 29, at 11) has no impact here, where Eleventh Circuit authority has held repeatedly that not holding a hearing was within that range of choice. In fact, Olson ultimately admits *precisely the opposite* of an abuse of discretion—that "[r]easonable jurists could disagree" over whether a hearing should be conducted here. (*Id.* at 12.)

Thus, because Olson's argument that an evidentiary hearing was required has long been foreclosed by Eleventh Circuit authority, her appeal

---

[1] Olson's suggestion that her misapplication of precedent converts this appeal into one that "Rule 38 does not reach" has no legal support.

is utterly devoid of merit, before even reaching the other issues with her appeal. *Vasconcelo*, 851 F. App'x at 985; *Jenkins v. Anton*, 922 F.3d 1257, 1270–71 (11th Cir. 2019); *Cano*, 435 F.3d at 1342–43.

Relatedly, Olson did not—and could not—present an argument establishing that the district court's factual findings were clear error. *See, e.g.*, *Palmer v. Mandarin Holiday Marina & Fish Camp, Inc.*, 478 F. App'x 543, 544 (11th Cir. 2012) (requiring clear error to disturb factual findings). Indeed, she does not dispute that evidence existed that supported the district court's conclusion.[2] (Appellant's Resp., Dkt. 29, at 13–14 (acknowledging that a district court could ultimately conclude that Takeda's "reading of the[] communications is the better one").) That alone establishes that her appeal never had any legitimate ground. And Olson still does not directly address several of the district court's diligence-

---

[2] Takeda explained at length in its principal brief why Olson's arguments are baseless, and her related arguments are evidence of her baseless conduct supporting Takeda's Rule 38 motion. Olson merely regurgitates her arguments from her initial brief and reply. Takeda notes, however, that Olson's most recent supplemental appendix further confirms that Olson's claims concerning Dreher's supposed abandonment are outright false—or, in the district court's words, "at best, inaccurate." (Appellant's Supp. App., Dkt. 26, at B013–19 (reflecting that Dreher attended a case management conference with the district court on January 17, 2024, and made representations concerning motions to dismiss, mediations, and discovery).

related findings in denying her motion, such as that she did *nothing* in the months between confirmation that no summary judgment motion had been filed and the district court's entry of judgment nearly three months later. (Appellee's Br., Dkt. 20, at 35–40 (discussing Olson's multiple periods of inaction, both pre- and post-judgment).)

### B.    Olson Misrepresents Takeda's Arguments and Caselaw as to the Importance of Merits Issues to This Rule 60(b)(6) Appeal.

Curiously, the bulk of Olson's argument is devoted to the claim that Takeda "conflates a frivolous appeal with frivolous claims." (Appellant's Resp., Dkt. 29, at 5.) In so doing, she asserts that Takeda's discussion of the "weakness of Ms. Olson's . . . claims" is the "wrong subject matter" for a discussion of whether sanctions should be awarded. (*Id.* at 6.) That is wrong, and she knows as much, given that, in her initial appellate brief, she acknowledged that she was required to make a merits showing to prevail on a Rule 60(b) motion. (Appellant Br., Dkt. 15, at 43–47.)

Despite her efforts to recharacterize Takeda's motion, what Takeda *actually* argued was that, to succeed on any Rule 60(b)(6) motion, a plaintiff must show a claim that "probably would have been successful," and that nothing presented to the district court (or raised on appeal) changed the

fact that she could not satisfy that merits inquiry. (Appellee's Mtn., Dkt. 19, at 15–16 (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986))). Indeed, Olson continues to refuse—as she did in the district court and throughout the merits briefs filed in this appeal—to engage Takeda's specific arguments that she has pointed to no specific, competent evidence that would change the district court's reasons for its summary judgment ruling.

Olson next argues that *Solaroll Shade*'s "probably would have been successful" standard does not apply to Rule 60(b)(6) motions, and that instead she only needs to "potentially" show a viable claim under Rule 60(b)(6). To be clear, Olson cannot meet either standard because her claims are utterly meritless through any lens, as the district court has made clear at length. In any event, Olson identifies no authority and provides no principled explanation as to why relief under the *stricter* requirements of Rule 60(b)(6) would entail a *lesser* standard than the analysis under Rule 60(b)(1). *See, e.g.*, *Salem Pointe Capital, LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 703 n.15 (6th Cir. 2021) ("The standard under Rule 60(b)(6) is stricter than the previous five subsections . . . ."); *Clements v. Glass*, No. 2:24-

CV-197-JES-NPM, 2026 WL 1248355, at *1 (M.D. Fla. May 6, 2026) (describing Rule 60(b)(6) as having a "higher" standard).

Olson cites only to *SEC v. Simmons*, 241 F. App'x 660 (11th Cir. 2007)—itself a Rule 60(b)(1) decision—which references in a single paragraph, after its more fulsome analysis, that the appellant had not established a "potentially" meritorious defense. But that out-of-context statement was not the announcement of a new standard. Indeed, *Simmons* first made clear that the relevant inquiry was whether the appellant had a defense that "is *likely* to be successful." *Id.* at 664 (emphasis added). That is, *Simmons* did nothing more than reaffirm the standard articulated in *Solaroll Shade*, which (unlike *Simmons*), is binding, published precedent. The fact that she now attempts to do so is only further evidence that her actions in this appeal are utterly devoid of merit.

### C. Olson's Claim that the District Court Believed Her Claims Had Factual Merit Is Wholly Baseless.

Olson further makes the indefensible argument that the district court "never regarded [her case] as frivolous." (Appellant's Resp., Dkt. 29, at 16.) Why she makes that claim when the district court *entered a fee-entitlement order deeming her claims frivolous* is unclear. (R. 107–08.) Nevertheless, Olson

7 of 15

premises her argument on statements by the trial judge during two hearings. Neither support Olson's argument.

*First*, Olson points to an early-case hearing, in which the district court pushed back on counsel's stated belief that he did not "think there is a case" *at the pleading stage*. (Appellant's Resp., Dkt. 29, at 16.) Takeda's motion, however, has nothing to do with the pleading stage. It has everything to do with the fact that discovery—and, specifically, Olson's own admissions—ultimately established that, irrespective of what she was willing to put in her pleading, her claims never had any legitimate basis in fact.

And Olson's argument further ignores that the court warned Olson in multiple motion to dismiss orders (including shortly after the hearing) of its serious concerns that many of Olson's claims were unlikely to survive after discovery. (R. 54, 62.) Indeed, the district court subsequently noted Olson's continued refusal to follow those warnings in determining that fees should be awarded against her (R. 107, 108.) Thus, to the extent Olson argues that she was not "warned that the very position pressed on appeal was frivolous," she is wrong. (Appellant's Resp., Dkt. 29, at 15.)

*Second*, Olson argues that, shortly before discovery closed, the district court supposedly stated that "plaintiff's counsel 'thinks he's got a good case here.'" (*Id.* at 16.) But that is the *exact opposite* of what occurred. Instead, the district court asked *Takeda's counsel* whether, at her deposition, Olson "ha[d] some specific examples to give [Takeda's counsel] on things." (Appellant's Supp. App., Dkt. 26, at B021:24–25.) Takeda's counsel responded: "Not in the slightest. She admitted that she couldn't identify anybody who said or did anything differently to her on the basis of her race or disability." (*Id.* at B022:1–3.) The district court then advised Olson's counsel to relay to her other counsel that "basically, the idea is that [Olson] didn't have any examples of any discrimination that she's suing for." (*Id.* at B022:23–B023:1.) The district court then warned Olson's counsel:

> That's why I set [the conference] for today. I was wanting to see what it would—you know, what would the plaintiff's depo come up with. Maybe [Takeda's counsel is] bloviating, and he's posturing, and it was a really great depo for the plaintiff. I don't know. I read people pretty well, as do you, [Olson's attorney]. And, you know, I'm reading him, and he thinks he's got a good case here. So we'll see. We'll see.

(*Id.* at B023:16–22.) That is, the district court was not in any way commenting that Olson's case was strong. It was commenting on Takeda's

counsel's beliefs about the lack of merit, which were ultimately confirmed when summary judgment was entered.

### D.    Olson's Discussion of the Fee Determination Below Is Inaccurate.

Olson further argues that her motion had nothing to do with "thwart[ing]" a fee award because "no fee amount has been awarded" and "the district court did not treat the appeal as a delay tactic." (Appellant's Resp., Dkt. 29, at 17–18.) This argument is, again, indefensible. The district court *did* enter an order determining that Takeda is entitled to recover its fees from Olson, rendering an award a certainty. (R. 107–08.) It was only after Takeda filed its motion asking that the amount be set at over $339,000.00—and almost an entire year after Olson was aware that she had not opposed Takeda's summary judgment motion—that Olson filed her Rule 60(b) motion. (R. 113.) In denying Olson's Rule 60(b) motion, the district court also expressly observed that "[i]t appears that Plaintiff's request to vacate the judgment may have been made only when confronted with the possibility of an award of attorney's fees against her." (R. 129.) At

bottom, Olson's delay is just one of many data points illustrating that her Rule 60(b) motion was, and now her appeal is, utterly devoid of merit.[3]

### E.    Olson's Paper-Thin References to Authority in Her Merits Briefs Do Not Impact the Analysis.

Olson further argues that her appeal should not be deemed frivolous because (1) she cited "five decisions of the Supreme Court" (Appellant's Resp., Dkt. 29, at 4–5); and (2) Takeda discussed in a "full footnote" of its moving brief why Olson's decisions have no relevance. Again, these arguments have no merit.[4]

*First*, none of the cases cited by Olson dictate the issues raised in this appeal. Indeed, none would have required the district court to hold a hearing on her Rule 60(b) motion, none dictate the conclusion that the district court's factual conclusions were clearly erroneous, and none undermine the fact that Olson's claims are miles away from the merits showing needed for a viable Rule 60(b) motion.

---

[3] Takeda has not requested, as Olson claims, that this Court "impose more than $339,000.00" in fees. (Appellant's Resp., Dkt. 29, at 5.) Takeda sought that amount with the district court, prior to this appeal, for her wasteful pre-appeal activity. The instant motion concerns her wasteful conduct on appeal, which necessarily implicates different fees and costs.

[4] Similarly, Olson's suggestion that her counsel influenced this appeal in no way changes that this appeal is baseless.

*Second*, the fact that Takeda included a footnote in its primary appellate brief is evidence only of Takeda's thoroughness. Takeda explained why those authorities "simply have no relation to the facts at issue in this case." (Appellee's Br. at 40 n.8.) Olson's argument that this is somehow a "concession" because Takeda supposedly did not "dismiss it as inapplicable" simply ignores the footnote itself. (Appellant's Resp., Dkt. 29, at 12.) That is precisely what Takeda did, and Olson's decision to cite to inapplicable caselaw only confirms the frivolity of her appeal.[5]

### F.    Contrary to Olson's Apparent Suggestion, Rule 38 Applies to All Plaintiffs.

Appellant also appears to argue that sanctions under Rule 38 should not be awarded against her because she is not a "tax protester" or "vexatious litigant." (Appellant's Resp., Dkt. 29, at 15.) However, she cites no authority limiting Rule 38 in that manner. Nor does the language of Rule 38 support such a limitation.

---

[5] Similarly, and contrary to Olson's suggestion otherwise, the length of Takeda's response brief is not indicative of merits of Olson's appeal, but rather the many ways her appeal has no merit at all.

## CONCLUSION

Because her appeal is utterly devoid of merit, and because Olson's arguments do nothing to change that fundamental defect, Takeda respectfully requests that this Court sanction Olson for filing a frivolous appeal and award Takeda its attorney's fees and double costs.

Respectfully submitted this 27th day of July 2026.

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
amckinley@seyfarth.com
Shannon R. Cherney
scherney@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant–Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with Fed. R. App. P. 27(d)(2) because the word count of relevant sections, based on Microsoft Word's word-counting function, totals 2,586 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Book Antiqua 14.

/s/ Andrew M. McKinley
Andrew M. McKinley
*Counsel for Defendant–Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, a copy of the foregoing document was electronically filed with this Court via the electronic filing website which will electronically notify all counsel of record.

/s/ Andrew M. McKinley
Andrew M. McKinley
*Counsel for Defendant–Appellee*